TERRI F. LOVE, Judge.
| tThis appeal arises from the trial court’s grant of a petition for executory process. The defendant filed a petition seeking a preliminary or permanent injunction and/or damages. The plaintiffs motion for summary judgment followed and was granted. The defendant timely appealed. After lodging the appeal, both parties allegedly entered into a compromise to stop the seizure and sale of the mortgaged property. However, the plaintiff did not dismiss the appeal. Thus, the defendant filed a motion to dismiss appeal/exception of res judicata and motion to remand. We now remand the matter to the trial court for consideration of the res judicata plea.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 6, 2003, Bank One, N.A., F/K/A The First National Bank of Chicago (“Bank One”), as a trustee, filed a Petition for Executory Process on property, located at 309 Hendee Street in New Orleans, mortgaged to Ora Lee Payne Bourgeois (“Ms. Bourgeois”)[1] and Garfield Payton, Jr. (“Mr. Payton”). The trial court signed an order that entitled Bank One to the seizure and sale of Mr. Payton’s property. Mr. Payton filed a petition seeking a preliminary or permanent 12injunction, damages, and the return of the seized property. Bank One filed a Motion for Summary Judgment seeking to dismiss Mr. Payton’s claims with prejudice. The trial court granted Bank One’s motion, dismissed Mr. Payton’s motion with prejudice, and designated the judgment as final and appeal-able.
Mr. Payton filed a devolutive appeal alleging the trial court erred by granting Bank One’s summary judgment and denying his plea for an injunction or damages. Bank One cancelled the seizure and sale of Mr. Payton’s property following an alleged compromise between Bank One and Mr. Payton. The trial court dismissed Bank *712 One’s Petition for Executory Process without prejudice.
After the lodging of the appeal, Bank One filed a Motion to Dismiss Appeal/Exception of Res Judicata and Motion to Remand based on the alleged compromise between itself and Mr. Payton. This Court ordered the matters “referred to the merits of the appeal.” Bank One also filed a Motion and Order For Stay in Order to Supplement the Record For Expedited Consideration. This Court partially granted the motion, solely on the issue of supplementing the record, by ordering that the record be supplemented with a letter, dated April 6, 2005, which allegedly confirmed the compromise, and “other written communications relating to an agreement of April 6, 2005.”
Mr. Payton filed a Motion to Expunge Opposition Brief, a Motion to File Payton’s Response to Bank One’s Reply, Opposition to Expunge and Supplemental Memorandum Received March 15, 2006, and a Motion to Supplement the Record with an affidavit of Linda Bourgeois Payton. These motions are hereby denied.

RES JUDICATA

The peremptory exception of res judica-ta may be plead and considered for pthe first time on appeal “if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.” La. C.C.P. art. 2163. The Louisiana Supreme Court held that an appellate court may remand the exception of res judicata if the “grounds alleged for the exception did not come into existence until after the appeal had been lodged.” Smith v. State, Dep’t of Transp. & Dev., 04-1317 and 04-1594, pp. 22-23 (La.3/11/05); 899 So.2d 516, 530, citing Lewis v. Lewis, 155 La. 231, 99 So. 202 (1923).
A transaction or compromise can be the basis for a plea of res judicata. La. C.C. art. 3078; Ortego v. State, Dep’t of Transp. & Dev., 96-1322 (La.2/25/97); 689 So.2d 1358, 1364, citing Rivett v. State Farm Fire and Cas. Co., 508 So.2d 1356, 1359 (La.1987). A “transaction or compromise is an agreement between two or more persons, who ... adjust their differences by mutual consent.” La. C.C. art. 3071.
Bank One avers the compromise was effected, after Mr. Payton lodged the appeal, during a phone call in which Mr. Payton’s attorney allegedly stated that he would dismiss the appeal if Bank One postponed the foreclosure. The supplemented record contains a letter from Mr. Payton’s attorney confirming this phone conversation. The letter confirms that Bank One agreed to delay the foreclosure and states that Mr. Payton will “take whatever steps are necessary to abandon the appeal.” Bank One cancelled the seizure and sale of Mr. Payton’s property pursuant to the agreement. These circumstances arose after the lodging of the appeal and the record documents some evidence of the alleged compromise. Therefore, remand is proper for the trial court to resolve the res judicata exception.

J¿DECREE

We remand to the trial court for consideration of the plea of res judicata and deny the abovementioned outstanding motions.
REMANDED.
PER CURIAM.
11 Considering the foregoing rehearing application filed by Appellant, Mr. Payton, the application is granted from the sole purpose of clarification regarding the Court’s reference to a letter, dated April 6, 2005, contained in the supplemented rec *713 ord. We clarify the Court’s opinion with the inserted footnote.
[D]uring a phone call in which Mr. Pay-ton’s attorney allegedly stated that he would dismiss the appeal if Bank One postponed the foreclosure. The supplemented record contains a letter from Mr. Payton’s attorney confirming this phone conversation. The letter confirms that Bank One agreed to delay the foreclosure and states that Mr. Payton will “take whatever steps are necessary to abandon the appeal.”[1]
In all other respects, this Court’s original opinion remains unchanged.

. Ms. Bourgeois died prior to the filing of the petition for executory process.

. The confusion surrounding the alleged compromise prompted this Court to remand the case in its original opinion for examination of the alleged compromise. This Court did not intend to imply that Attorney Breeden breached a compromise or settlement based on this letter by mistakenly referring to the letter discussing the alleged compromise as written by Mr. Payton’s attorney, meaning, Attorney Breeden. The letter was clearly written by Attorney Eric O. Person. However, the alleged telephone conversation and the record are unclear as to whom Attorney Person represented at the time he wrote the letter.